UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHIGAN LABORERS' HEALTH CARE FUND, TRUSTEES OF; MICHIGAN LABORERS' PENSION FUND, TRUSTEES OF; MICHIGAN LABORERS' VACATION FUND, TRUSTEES OF; MICHIGAN LABORERS' TRAINING AND APPRENTICESHIP FUND, TRUSTEES OF; MICHIGAN LABORERS' ANNUITY FUND, TRUSTEES OF; and MICHIGAN LABORERS' EMPLOYERS' COOPERATION AND EDUCATION TRUST FUND, TRUSTEES OF,

        Plaintiffs,

v.

SNOWDEN, INC., a Michigan corporation,

        Defendant.

Case No.

Hon.

# COMPLAINT

1. This is an action brought by trustees of jointly-administered, multi-employer benefit funds under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145 *et. seq.*, and Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a), to, *inter alia*, collect delinquent benefit contributions, interest, liquidated damages and late payment assessments from Defendant Snowden, Inc.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, and Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section 502 of ERISA, 29 U.S.C. §1132.

3. Venue is proper pursuant to 28 U.S.C. §1391(b) and ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

## PARTIES

4. Plaintiffs are trustees and fiduciaries of the Michigan Laborers' Health Care Fund, Michigan Laborers' Pension Fund, Michigan Laborers' Vacation Fund, Michigan Laborers' Training and Apprenticeship Fund, Michigan Laborers' Annuity Fund and the Michigan Laborers' Employers' Cooperation and Education Trust Fund (the "Funds"), which are jointly-administered, multi-employer benefit funds. The Funds maintain their principal office and place of business in Lansing, Michigan. The Funds receive benefit contributions from various employers pursuant to the terms of collective bargaining agreements (CBAs).

5. Defendant Snowden, Inc. is a Michigan corporation with a mailing address of P.O. Box 439, Escanaba, Michigan 49829 and a registered office address of 3385 U.S. 2 & 41, Bark River, Michigan 49807. Snowden, Inc. is an employer within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Section

2

3(5) of ERISA, 29 U.S.C. §1002(5).

## DEFENDANT CONTRIBUTION OBLIGATIONS

6. Snowden Inc. became bound to the 2008-2013 and 2012-2023 CBAs with the Michigan Laborers' District Council. (Ex. 1, 2, and 3).

7. The CBAs set forth the wages, hours and other terms and conditions of employment for Snowden, Inc.'s bargaining unit employees (BUEs).

8. The CBAs require Snowden, Inc. to make benefit contributions to the Funds on behalf of the appropriate BUEs. Snowden, Inc. is required to remit benefit contributions at the hourly rate established for each Fund, and for all hours of work subject to the CBAs, performed by its employees.

9. Pursuant to the terms of the CBAs and related Trust Agreements and Amendments, Snowden, Inc. must submit a Contribution Reporting Form ("CRF") for each month (the "work month") showing the hours worked by its BUEs for the work month and the benefit contributions owed to the Funds based on those hours. The benefit contributions shown due in the CRF are due by the 15th day of the following month.

10. Snowden, Inc. must also promptly furnish to the Funds all records containing the classifications of its workers, the names and social security numbers of its workers, the amount of wages paid to and hours worked by its workers, location

of work, and any other payroll records and information which may be required in connection with the administration of the Funds and to ensure that the appropriate benefit contributions and other amounts are recorded and collected.

## DEFENDANT'S VIOLATIONS OF ERISA AND THE CBAs

11.   For the period from October 2012 to September 2017, Snowden, Inc. employed BUEs who were covered by the terms of the CBAs.

12.   As a result of work performed by its BUEs from October 2012 to September 2017, Snowden, Inc. owes $140,883.90 for unpaid benefit contributions and assessments, interest, and costs, to the Funds.

**Audit Period I**

13.   Pursuant to the CBAs, the Funds audited Snowden, Inc. to determine contribution amounts owed from April 2012 through July 2016 (Audit Period I).

14.   The audit resulted in Snowden, Inc. owing $147,771.95 for unpaid benefit contributions and assessments, interest, and costs.

15.   From September 2016 through February 2017, Snowden Inc. paid $54,948.91, bringing the total Audit Period I amount owed to $92,823.04.

16.   Snowden Inc. owes $88,098.82, which excludes interest incurred before October 2012, for unpaid benefit contributions and assessments, interest, and costs, for Audit Period I.

**Audit Period II**

17.     Pursuant to the terms of the CBAs, the Funds audited Snowden, Inc. to determine contribution amounts owed from August 2016 through September 2017 (Audit Period II).

18.     For Audit Period II, Snowden, Inc. owes $52,785.08 for unpaid benefit contributions and assessments, interest, and costs.

**Audit Periods I and II**

19.     Snowden Inc. owes $140,883.90 to the Funds for unpaid benefit contributions and assessments, interest, and costs.

## COUNT I

### VIOLATION OF ERISA FOR FAILURE TO MAKE FRINGE BENEFIT CONTRIBUTIONS

20.     Plaintiffs incorporate the allegations of preceding paragraphs by reference.

21.     Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

5

22.　Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA. Section 502 expressly authorizes the recovery of unpaid benefit contributions, interest, double interest or liquidated damages and attorney's fees and costs. Also, a suit may be brought to enjoin any act which violates ERISA and to obtain other appropriate legal and equitable relief to redress violations of ERISA and enforce the terms of the plan.

23.　Snowden, Inc.'s failure to make contractually-required fringe benefit contributions violates ERISA. 29 U.S.C. §§1132 and 1145.

24.　The Funds are entitled to all remedies under ERISA, including a judgment for unpaid benefit contributions, interest, double interest or liquidated damages, attorney's fees and costs and other legal and equitable relief.

WHEREFORE, Plaintiffs request that this Court enter a judgment and order against Defendant as follows:

   A.　Awarding the Funds the benefit contributions, interest, assessments, and audit costs found due in Audit Periods I and II;

   B.　Awarding attorney's fees and costs to the Funds in connection with bringing and prosecuting this action; and

   C.　Granting the Funds all additional and/or other relief (including

injunctive and equitable relief) which the Court deems just and proper.

## COUNT II

## BREACH OF THE CBAs FOR FAILURE TO MAKE FRINGE BENEFIT CONTRIBUTIONS

25. Plaintiffs incorporate the allegations set forth in preceding paragraphs by reference.

26. Section 301(a) of the LMRA provides a federal forum to enforce labor contracts, which include the contractual promises to submit to audits and to make benefit contributions.

27. Snowden, Inc. has breached the CBAs and trust agreements and collection policies incorporated into the CBAs by failing to pay benefit contributions and other amounts owed to the Funds, the third-party beneficiaries of the CBAs.

28. As a third party beneficiary to the CBA, the Funds are entitled to recover unpaid pension contributions, interest, double interest or liquidated damages, and attorneys' fees and costs.

WHEREFORE, Plaintiffs request that this Court enter a judgment and order against Defendant as follows:

A. Awarding the Funds the benefit contributions, interest, assessments, and audit costs found due in Audit Periods I and II;

B. Awarding attorney's fees and costs to the Funds in connection with bringing and prosecuting this action; and

C. Granting the Funds all additional and/or other relief (including injunctive and equitable relief) which the Court deems just and proper.

                                                   */s/Lauren E. Crummel*
                                                   Christopher P. Legghio (P27378)
                                                   Megan B. Boelstler (P79125)
                                                   Lauren E. Crummel (P73333)
                                                   Attorneys for Plaintiffs
                                                   306 South Washington Avenue, Suite 600
                                                   Royal Oak, MI 48067-3837
                                                   248.398.5900
                                                   cpl@legghioisrael.com
                                                   mbb@legghioisrael.com
                                                   crummel@legghioisrael.com

                                                   Attorneys for Plaintiffs

October 5, 2018

## EXHIBIT LIST

1. 2008-2013 "Agreement between Labor Relations Division of the Michigan Infrastructure & Transportation Association and the Laborers' International Union of North America, AFL-CIO, Michigan Laborers' District Council".

2. 2012-2023 "Road Agreement between Labor Relations Division of the Michigan Infrastructure & Transportation Association and the Laborers' International Union of North America, AFL-CIO, Michigan Laborers' District Council".

3. Snowden, Inc., Signature Pages.